**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT LYELL, on behalf of himself and others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>FARMERS GROUP INC. EMPLOYEES' PENSION PLAN; et al.,<br><br>             Defendants. | No. CV 07-1576-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendants' Motion for More Definite Statement (Doc. #31), Motion to Dismiss (Doc. #32), and Motion to Strike (Doc. # 33); Plaintiff's Motion for Class Action Certification (Doc. #44); and the parties' Joint Statement of the Parties Regarding Class Certification (Doc. #78). The Court's ruling on the Motion for Class Action Certification will moot most aspects of the Motion to Strike and will completely moot the Motion for More Definite Statement. The Court will analyze separately the Motion to Dismiss and certain portions of the Motion to Strike.

**I.     BACKGROUND**

When ruling on motions for class certification or to dismiss for failure to state a claim, the Court assumes Plaintiff's allegations are true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(motion to dismiss for failure to state a claim); *Brink v. First Credit Resources*, 185 F.R.D. 567, 569 (D. Ariz. 1999)(motion for class certification). Plaintiff Ronald Lyell

originally worked for Defendant Farmers Group, Inc. (Farmers) from December 22, 1980 through June 18, 1987. (Am. Compl., Doc. #30, ¶33.) As a result of his employment, Mr. Lyell became a participant in the Farmers Group, Inc. Employees' Pension Plan (the "Farmers Plan"), an ERISA plan. (Doc. #33, ¶¶4, 14, 15.) When he voluntarily left Farmers in 1987, he was not vested under the terms of the Farmers Plan, which at that time required ten years of service for vesting. (Doc. #30, ¶14.)

Mr. Lyell returned to Farmers in May of 1994 and has worked there ever since. Before he came back in 1994, Farmers told him that if he returned to work and worked 1000 hours, he would be treated as a vested participant in the Plan and receive credit for his prior years of service.[1] (Doc. #30, ¶¶29, 30.) At the time of his return, Farmers treated his first period of employment as Credited Service (Doc. #30, ¶31.) But on April 13, 2004, nearly ten years after his return, Farmers informed Mr. Lyell in a letter that his first period of employment was erroneously treated as Credited Service. (Doc. #30, ¶38.) Farmers gave him a revised statement of his estimated monthly pension benefits, which excluded his first period of employment. (Doc. #30, ¶38.)

Mr. Lyell timely appealed the Farmers Plan's April 13 determination that he would not receive credit for his prior period of employment. (Doc. #30, ¶40.) In a letter dated August 19, 2004, the Farmers Plan denied his appeal. (Doc. #30, ¶40.) Mr. Lyell claims that the April 13, 2004 determination not to grant him benefits and the August 19, 2004 denial of his appeal failed to comply with ERISA claims procedure requirements. (Doc. #30, ¶42.)

Mr. Lyell filed the original Complaint on behalf of himself and others similarly situated on August 16, 2007. On April 4, 2008, Mr. Lyell served his initial discovery requests on Farmers. As a result of some confusion between the parties as to the intended members of the requested class, Mr. Lyell filed an Amended Complaint (Doc. #30) on June 24, 2008.

---

[1]The Court assumes this allegation is true only for purposes of the pending motions.

- 2 -

## II. MOTION TO CERTIFY CLASS

### A. Classes Requested

Plaintiff originally moved to certify two classes, the first of which had four subclasses. Plaintiff seeks class treatment for Counts 1-IV of the Amended Complaint, but not for Counts V and VI. The original requested classes and subclasses were:

> **Class 1**: All Plan participants and their eligible beneficiaries and former employees of Farmers or former employees of any affiliated company whose employees are eligible to participate in the Plan and their beneficiaries who were denied credit for vesting purposes under the Plan for all or a period of employment and who would have been vested in their accrued benefits if their years of service for vesting and/or their breaks in service had been calculated in accordance with the Plan and/or ERISA.
>
> > **Subclass 1**: Class members who were not vested or who were denied vesting credit for a period of employment, and who worked at least 1,000 hours during pertinent vesting computation periods and/or calendar years and who would have been vested for such periods of employment had they been credited with a year of service for such vesting computation periods and/or calendar years.
>
> > **Subclass 2**: Class members who were denied credit for vesting purposes on account of a break in service in which Defendants did not measure and/or compare years of service for vesting purposes with breaks in service and/or in which Defendants computed class members' breaks in service without consideration of hours worked in the vesting computation period and/or calendar year in which the termination of service occurred and/or in which the participant was reemployed.
>
> > **Subclass 3**: Class members who were denied the right to elect to have their vesting credit determined under the provisions of the Plan as in effect prior to amendment of Plan provisions relating to vesting and who had at least five years of service for vesting purposes prior to December 1, 1989 before Plan amendments changing provisions relating to vesting or who had at least three years of service for vesting purposes on or after December 1, 1989 before Plan amendments changing provisions relating to vesting.
>
> > **Subclass 4**: Class members who had rights under the Plan prior to amendment that were diminished or eliminated by Plan amendments and who would have been vested and/or

- 3 -

> entitled to benefits but for the application of the Plan amendments.
>
> **Class 2**: All participants who were notified by Defendants that their credited service for vesting purposes had been miscalculated and that they would not be given credit for vesting purposes for a prior period of employment.

At oral argument on November 24, 2008, however, the parties indicated that they might agree to the certification of a different Class 1 without any subclasses. The Court directed the parties to submit their new class definition if they could reach an agreement. In their Joint Statement (Doc. #78) filed on November 25, 2008, the parties agreed to certification of the following Class 1:

> All persons (including any surviving spouse and/or beneficiary) who were denied vesting and accrued benefit credit who would have been entitled to such additional credit if their Years of Service had been calculated as required by ERISA and/or the appropriate provisions of the Plan.

In their Joint Statement, the parties indicated that Defendants had not acquiesced to certification of Class 2. Nor have Defendants dropped their arguments regarding the Motion to Dismiss or portions of the Motion to Strike.

### B. Legal Standard

Federal Rule of Civil Procedure 23 gives this Court broad discretion to determine whether a class should be certified. *Dukes v. Wal-mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). But the Court should certify a class only after a rigorous analysis of the Rule 23 requirements. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005). The party seeking class certification bears the burden of showing that each of Rule 23's requirements. *Dukes*, 509 F.3d at 1176. Moreover, each subclass, if any, must independently meet the requirements of Rule 23. *Betts v. Reliable Collection Agency, LTD.*, 659 F.2d 1000, 1005 (9th Cir. 1981).

Rule 23 has two implicit prerequisites that Plaintiff must satisfy for the Court to grant

- 4 -

1 certification. *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999). First, in order
2 to maintain a class action, the class must be adequately defined and clearly ascertainable.
3 *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *see also Lozano v. AT&T*
4 *Wireless Servs., Inc.*, 504 F.3d 718, 730 (9th Cir. 2007)("The district court's failure to
5 analyze the Rule 23(a) factors in determining whether to grant class certification . . . resulted
6 in its certifying a theory with no definable class."). The class cannot be overly broad,
7 amorphous, or vague, but must be susceptible to a precise definition. *Clay*, 188 F.R.D. at 490.
8 A class must be precisely defined so the Court can determine who will be bound by the
9 judgment. *McHan v. Grandbouche*, 99 F.R.D. 260, 265 (D. Kan. 1983).

Second, the named representative must be a member of the class. *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962). The Ninth Circuit Court of Appeals dovetails the class membership prerequisite with the typicality requirement of Rule 23(a). "Typicality requires that the named plaintiffs be members of the class they represent." *Dukes*, 509 F.3d at 1184.

In addition to the inherent prerequisites, Plaintiff must also prove that his proposed classes and subclasses meet the following four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*Dukes*, 509 F.3d at 1176 (quoting Fed.R.Civ.P. 23(a)). Finally, Plaintiff must prove that at least one of the following Rule 23(b) requirements is met:

> (1) the prosecution of separate actions would create a risk of : (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

*Id.* (citing Rule 23(b)).

### C. Analysis

#### 1. Class 1

> All persons (including any surviving spouse and/or beneficiary) who were denied vesting and accrued benefit credit who would have been entitled to such additional credit if their Years of Service had been calculated as required by ERISA and/or the appropriate provisions of the Plan.

The Court finds that while the parties' definition is slightly vague, Defendants will be able to objectively identify members of the class. Class 1 therefore is adequately defined. Further, Plaintiff is a member of the class. Finally, Defendants have stipulated that Class 1 meets the numerosity, commonality, typicality, and adequacy requirements. The Court agrees. Thus, Class 1 meets all the prerequisites for certification.

In addition to satisfying the prerequisites of Rule 23(a), Plaintiff must demonstrate that the class meets at least one of Rule 23(b)'s requirements. *Id.* at 1176. Defendants have agreed that Class 1 is properly certifiable pursuant to Rule 23(b)(1) and/or 23(b)(2).

A class is properly certified under Rule 23(b)(1) if prosecuting separate actions would create a risk of: (A) inconsistent rulings with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class or (B) rulings regarding individual class members that, as a practical matter, would dispose of the interest of other members that are not parties to the rulings. Fed.R.Civ.P. 23(b). As Defendants concede, the Plan must treat all Participants the same way. The class therefore is properly certified under 23(b)(1)(A) because, otherwise, different courts might require different things of the Farmers Plan.

Plaintiff contends, and Defendants do not dispute, that the class could also be certified pursuant to Rule 23(b)(2). Certification under Rule 23(b)(2) hinges on whether the predominate relief sought by the class is injunctive relief or monetary damages. *Dukes*, 509 F.3d at 1185-86; *Lozano*, 504 F.3d at 729. The Court need not decide that issue. The Court

- 6 -

has found that certification is proper under Rule 23(b)(1) and therefore does not need to determine if it is also proper under Rule 23(b)(2). *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1772 at page 10 (stating "This problem does not arise if the action can be maintained under Rule 23(b)(2) as well as Rule 23(b)(1) inasmuch as actions brought under both of these subdivisions are treated alike . . . Therefore, a choice between the two is unnecessary.").

Plaintiff argues the Court can certify this class under Rule 23(b)(3) as well because common issues predominate over individual issues. But if, as here, Rule 23(b)(1) applies, then the Court should not certify the class under Rule 23(b)(3). *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976)("in cases where (b)(1) and (b)(3) apply, (b)(1) is held to govern to avoid the multiplicity of suits."). The Court therefore will not certify the class pursuant to Rule 23(b)(3).

Class 1, as redefined by the parties, satisfies the two inherent requirements of Rule 23, the four prerequisites of Rule 23(a), and Rule 23(b)(1). The Court therefore will grant class certification of Class 1. The Court's ruling on class certification moots the Motion for More Definite Statement (Doc. #31) and the portions of the Motion to Strike (Doc. #33) relating to class definitions.

**2.     Class 2**

> All participants who were notified by Defendants that their credited service for vesting purposes had been miscalculated and that they would not be given credit for vesting purposes for a prior period of employment.

Plaintiff has identified 39 members of Class 2. As currently drafted, Class 2 includes individuals whose benefits were properly recalculated. Plaintiff has not identified any members, other than himself, that he alleges were denied their rightful vesting credit by Defendants' recalculation of benefits.

Defendants contend that Class 2 is overly broad because it includes Participants whose benefits were properly recalculated and therefore are not entitled to recovery under the Plan

- 7 -

1  or ERISA. Defendants argue that estoppel is the only possible theory of relief available to
2  Participants whose benefits were properly recalculated and that estoppel claims are too
3  individualized to provide the basis for a class-wide claim. Plaintiff counters that estoppel is
4  not the only possible theory because when a fiduciary makes material misrepresentations
5  regarding the terms of the Plan, the fiduciary may be liable to its Participants.

6  The Court agrees with Defendants that Class 2 is over inclusive. The class probably
7  contains Participants who had their benefits properly recalculated.[2] To begin with, Plaintiff
8  has identified only 39 individuals who were informed of a change to their benefits
9  calculation. A class of thirty-nine is already a close call with regard to numerosity. If
10  Participants are excluded from that number because they cannot recover, the numerosity
11  requirement becomes much harder to satisfy. Moreover, Plaintiff's claims are not in
12  common with or typical of members of Class 2 who do not argue they are owed more vesting
13  credit than given.[3]

14  The Court will not certify Class 2. Any potential members of Class 2 whose vesting
15  credits were improperly calculated will be included in the definition of Class 1.

16  **3.    Class Counsel**

18  Pursuant to Rule 23(g), the Court must appoint class counsel upon certifying a class.
19  Rule 23(g)(1)(A) lists several factors the Court must consider when appointing class counsel.
20  The class has only one named Plaintiff, Mr. Lyell. The firm of Martin & Bonnett serves as
21  counsel for Mr. Lyell.

---

[2] Even a breach of fiduciary duty claim would involve individualized determinations regarding what misrepresentations were made, and whether the misrepresentations were material, etc.

[3] Rule 23(a)'s commonality requirement focuses on the relationship of common facts and legal issues among class members. *Dukes,* 509 F.3d at 1177. The commonality and typicality requirements of Rule 23(a) are similar and tend to merge. *Id*. at 1184. To satisfy the typicality prerequisite, Plaintiff must demonstrate this his claims are sufficiently typical of the class members' claims. *Id*.

Martin & Bonnett has moved the court to appoint it as class counsel. Martin & Bonnett states that the firm has substantial experience in ERISA and class action litigation, has undertaken to prosecute this action vigorously, and is committed to expending the necessary resources to prosecute this matter. Defendants have not raised any objections to the firm of Martin & Bonnett acting as class counsel in this matter. The Court therefore appoints Martin & Bonnett as class counsel.

### III.   §502(a)(3) CLAIMS

Defendants have moved to dismiss Counts IV and VI of the Amended Complaint, which are based on §502(a)(3), and have moved to strike all §502(a)(3) class allegations in Counts I-III. Defendants argue that Plaintiff cannot pursue a cause of action under ERISA §502(a)(3) because §502(a)(1)(B) provides adequate relief.

Plaintiff first argues that the motions regarding the §502(a)(3) claims are untimely because Defendants did not move to dismiss the same claims in the original complaint. Instead, Defendants answered the complaint – although Defendants' original answer did state that all §502(a)(3) claims failed as a matter of law. Also, Defendants acquiesced to the filing of the Amended Complaint without objecting to the §502(a)(3) claims. Plaintiff next argues that he and the class can pursue §502(a)(3) claims because that section provides injunctive remedies not available under §502(a)(1)(B). Finally, Plaintiff argues that even if §502(a)(3) relief ultimately is not available, the Court should not dismiss those claims at the pleading stage.

In deciding a motion to dismiss, the Court must construe the facts alleged in the complaint in the light most favorable to the Plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, Plaintiff must still meet the pleading requirements of Fed.R.Civ.P. 8. Under Fed.R.Civ.P. 8, the complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, if the complaint fails to state a theory under which Plaintiff may recover, dismissal under 12(b)(6) is appropriate. Federal

- 9 -

Rule of Civil Procedure 12(f) allows the Court to grant a motion to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

To begin, the Court does not agree with Plaintiff that Defendants' motions are untimely just because they did not make those motions with regard to the original complaint. Plaintiff's Amended Complaint completely superseded the original complaint. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). So, Defendants' response to the original complaint is irrelevant. The Court therefore will proceed to the merits of the motions.

ERISA §502(a)(3) is a catchall provision that acts as a safety net by offering appropriate equitable relief for injuries that §502 does not otherwise adequately remedy. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)(holding that individuals could pursue equitable remedies for breach of fiduciary duty under §502(a)(3) where they could not proceed under §502(a)(1)). The Ninth Circuit Court of Appeals has held that if a plaintiff asserts specific claims under §502(a)(1)(B) or (a)(2), she cannot obtain relief under §502(a)(3), ERISA's catchall provision. *Ford v. MCI Communications Corporation Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005). Specifically, the court said, "Because specific claims were asserted under discrete ERISA provisions, the 'catchall' provision is not available as a source of relief." *Id.*

The *Ford* district court granted summary judgment to the defendant on the plaintiff's §502(a)(1)(B) claim because the defendant was the plan's insurer, not the plan administrator, and on the §502(a)(2) claim because that section does not provide individual relief. *Id.* at 1081-82. The appellate court affirmed those rulings. *Id.* The appellate court also affirmed the grant of summary judgment on the plaintiff's §502(a)(3) claim. *Id.* at 1083. The court affirmed the §502(a)(3) judgment purely because the plaintiff had asserted claims under other specific §502 provisions, even though plaintiff could not proceed under §502(a)(1)(B). *Id.*

The Court feels constrained by the *Ford* decision to grant Defendants' motions.[4] Plaintiff, both individually and on behalf of the class, has asserted specific claims under §502(a)(1)(B). Plaintiff therefore cannot seek relief under ERISA §502(a)(3).[5] Plaintiff has cited cases from other circuits that might alter this result, but the Court must follow the law of the Ninth Circuit. Consequently, the Court will grant the Motion to Dismiss Counts IV & VI and the portion of the Motion to Strike regarding the §502(a)(3) allegations in Counts I-III, which the Court has treated as a partial motion to dismiss.

Accordingly,

IT IS ORDERED Granting Plaintiff's Motion for Class Action Certification (Doc. # 44) as outlined in this Order. The Court will grant certification of the following class pursuant to Rule 23(b)(1):

> All persons (including any surviving spouse and/or beneficiary) who were denied vesting and accrued benefit credit who would have been entitled to such additional credit if their Years of Service had been calculated as required by ERISA and/or the appropriate provisions of the Plan.

IT IS FURTHER ORDERED that the Court's ruling on class certification moots Defendants' Motion for More Definite Statement (Doc. #31) and the portions of Defendants' Motion to Strike (Doc. #33) relating to the class definitions.

IT IS FURTHER ORDERED Granting the Defendants' Motion to Dismiss Counts IV and VI (Doc. #32) and the portions of Defendants' Motion to Strike (Doc. #33) relating to the §502(a)(3) claims in Counts I-III, which the Court has treated as a partial motion to

---

[4]The Court does not necessarily agree that a motion to strike was the proper procedure for making Defendants' argument regarding the class §502(a)(3) claims. Nonetheless, the Court cannot grant the Motion to Dismiss and deny the Motion to Strike because that would lead to legally inconsistent results. The Court therefore will treat the Motion to Strike as a partial motion to dismiss for failure to state a claim.

[5]The Court further notes that while Plaintiff has argued he can obtain remedies under §502(a)(3) that are not available under subsection (a)(1)(B), he has not argued that he cannot obtain *adequate* relief under §502(a)(1)(B).

- 11 -

1  dismiss for failure to state a claim.

2     DATED this 2nd day of December, 2008.

_____
James A. Teilborg
United States District Judge